IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| Sandhya KAMINENI, and Arun KANDRA, | : | |
| Plaintiffs, | : | Civil No. 19-14288 (RBK/KMW) |
| v. | : | **OPINION** |
| TESLA, INC., | : | |
| Defendant. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant Tesla, Inc.'s Motion to Dismiss and Compel Arbitration (Doc. No. 4). Plaintiffs Sanhya Kamineni and Arun Kandra purchased a new car from Defendant, found it to be defective, and were unsatisfied by Defendant's efforts to repair the vehicle. As such, Plaintiffs allege violations of the New Jersey Motor Vehicle Warranty Act ("Lemon Law"), N.J.S.A. 56:12-29 *et seq.*, violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*, violations of the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, *et seq.*, breach of warranty, and seek to enforce their revocation of acceptance of the vehicle. Defendant contends that all of these claims are covered by a binding arbitration agreement Plaintiffs signed when they purchased the vehicle; Plaintiffs respond that the arbitration agreement is void as contrary to public policy. For the reasons set forth below, the arbitration agreement is valid, and therefore Defendant's motion is **GRANTED**.

**I.    BACKGROUND**

Plaintiffs purchased a new 2017 Tesla S 100D manufactured and warranted by Defendant in March 2018. (Doc. No. 1-3 at ¶ 3). Plaintiffs discovered various defects with the vehicle, which defendant was unable to repair to their satisfaction. (*Id*. at ¶5). Plaintiffs now believe the vehicle to be worthless. (*Id*.).

At the time of purchase, Plaintiffs and Defendant executed a Retail Installment Sale Contract—Simple Finance Charge (with Arbitration Provision) ("Sales Agreement") (Doc. No. 4-6). The Sales Agreement contained an arbitration provision, which begins:

**ARBITRATION PROVISION**

**PLEASE REVIEW – IMPORTANT – AFFECTS YOUR LEGAL RIGHTS**

1. **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**

2. **IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**

3. **DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.**

   Any claim or dispute, whether in contract, tort, statute or otherwise . . . which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship . . . shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

(*Id*. at 6).

Plaintiffs initiated this lawsuit by filing their Complaint in New Jersey Superior Court on March 12, 2019. (Doc. No. 1-3). Defendant timely removed to this Court on June 26, 2019. (Doc. No. 1). Defendant filed the instant Motion on July 3, 2019 (Doc. No. 4). Plainitffs filed their

Opposition (Doc. No. 5 ("Pl. Brief")) on July 22, 2019, and Defendant its Reply (Doc. No. 8) on July 29, 2019.

## II. LEGAL STANDARD

Defendant moves to dismiss the Complaint and compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.* and Federal Rule of Civil Procedure 12(b)(6). This styling of the motion is sloppy, as Section 3 of the FAA requires district courts to stay proceedings pending arbitration, not dismiss claims outright. *See Nino v. Jewelry Exchange, Inc.*, 609 F.3d 191, 208 n.7 (3d Cir. 2010) (finding that district court erred by granting defendant's motion to dismiss rather than staying claims pending results of arbitration); *Lloyd v. HOVENSA, LLC*, 369 F.3d 263, 268–69 (3d Cir. 2004) (holding that Section 3 of the FAA requires courts to stay rather than dismiss claims pending arbitration). Nevertheless, the Court will proceed by treating Defendant's motion as one to compel arbitration and stay the proceedings. *See Washington v. CentraState Healthcare Sys., Inc.*, No. 10-6279, 2011 WL 1402765, at *3 (D.N.J. April 12, 2011) (adopting this approach when defendants incorrectly styled their motion as one for dismissal rather than a stay).

The FAA allows federal courts to compel arbitration "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue." 9 U.S.C. § 4. Under the FAA, written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. A party seeking to enforce an arbitration agreement may petition the Court for "an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.

In a motion to compel arbitration, the Court must inquire: (1) whether the parties entered into a valid arbitration agreement; and (2) whether the dispute at issue falls within the scope of the arbitration agreement. *Century Indem. Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 523

(3d Cir. 2009). "If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." *Id.*; *see also* 9 U.S.C. § 4.

The Third Circuit has set a two-tier standard of review when considering motions to compel arbitration. *See Guidotti v. Legal Helpers Debt Resolutions, LLC*, 716 F.3d 764 (3d Cir. 2013). If the face of the complaint and documents relied on in the complaint clearly show that a party's claim is subject to an enforceable arbitration clause, the Court will use a "Rule 12(b)(6) standard without discovery's delay." *Id.* at 777 (internal citation omitted). The motion to dismiss standard is inappropriate, however, where "either the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity to establish on its face that the parties agreed to arbitrate or the opposing party has come forth with reliable evidence that is more than a mere naked assertion . . . that it did not intend to be bound by the arbitration agreement, even though on the face of the pleadings it appears that it did." *Id.* at 774. In such circumstances, "the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing." *Id.* at 776. After this limited discovery is completed, the court "may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard." *Id.*

In this case, Plaintiffs' Complaint makes no reference to the Sales Agreement, nor was the Sales Agreement attached as an exhibit to the Complaint. As such, the Complaint does not by itself lay the necessary groundwork for a motion to compel arbitration. On the other hand, Plaintiffs do not contest that they signed the Sales Agreement containing the arbitration clause. (Pl. Brief at 2). Further, their challenge to the clause's enforceability is a pure issue of law, and they make no argument that they should be allowed any discovery. As such, the Court will adjudicate Defendant's Motion but will apply the Federal Rule of Civil Procedure 56 standard.

4

Under Rule 56, a court "shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985). In the context of a motion to compel arbitration, that party must "demonstrate, by means of citations to the record, that there is a genuine dispute as to the enforceability of the arbitration clause." *Guidotti*, 716 F.3d at 776 (quotations omitted). The non-moving party cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130–31 (3d Cir. 1995).

### III.  DISCUSSION

As mentioned above, Plaintiffs do not dispute that they signed the Sales Agreement containing the arbitration provision. Further, Plaintiffs do not appear to dispute that the broad language of the arbitration provision covers all of their claims. Rather, Plaintiffs argue that the arbitration provision is unenforceable because it limits rights provided by New Jersey's Lemon Law, contrary to public policy. (Pl. Brief at 2–4).

The New Jersey Lemon Law allows consumers to bring claims through informal dispute settlement procedures established by the manufacturer, N.J.S.A. 56:12-36, through a summary hearing procedure established within the New Jersey Division of Consumer Affairs, N.J.S.A. 56:12-37, or through a court action, N.J.S.A. 56:12-39. "A consumer shall not be required to

participate in" a manufacturer's informal process or in the Division of Consumer Affairs' summary procedure prior to brining a court action. *Id*. Further, the Lemon Law contains an anti-waiver provision, voiding any "[a]ny agreement entered into by a consumer for the purchase or lease of a new motor vehicle which waives, limits or disclaims the rights set forth in [the Lemon Law]." N.J.S.A. 56:12-48. Based on these provisions, Plaintiffs assert that they have an irrevocable right to bring their Lemon Law claim in a court of law; because the arbitration provision "waives, limits, or disclaims" this right, the entire arbitration provision is supposedly void. (Pl. Brief at 2–3).

Plaintiffs have the burden of establishing that the New Jersey legislature intended to preclude arbitration of Lemon Law claims based on the statute's "text, legislative history, or . . . an inherent conflict between arbitration and the statute's underlying purposes." *Gay v. Creditinform*, 511 F.3d 369, 379 (3d Cir. 2007) (internal quotation omitted) (explaining that the "party seeking to avoid arbitration for a statutory claim has the burden of establishing" preclusion); *see also Mitsubishi Motors Corp. v. Solder Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985) (distinguishing between the substantive rights guaranteed by a statute and the procedural right of access to a judicial forum and finding that "[h]aving made the bargain to arbitrate, the party should be held to it unless Congress itself has evinced an intention to preclude a waiver of judicial remedies for the statutory rights at issue"). When assessing the legislature's intent, the Court must maintain "a healthy regard for the federal policy favoring arbitration." *Gay*, 511 F.3d at 379 (internal quotation omitted). New Jersey law similarly endorses arbitration. *Atalese v. U.S. Legal Servs. Grp., L.P.*, 99 A.3d 306, 312 (N.J. 2014).

Although the Lemon Law's text references the possibility of bringing a claim in a judicial forum, such references are insufficient to establish a legislative intent to preclude arbitration. *See Gay*, 511 F.3d at 381–82 (finding that statutes' references to courts did not create substantive right

but "merely recognize that a party who believes she has been wronged may bring an action in a court seeking a remedy for her injuries"); *see also Johnson v. West Suburban Bank*, 225 F.3d 366, 371 (3d Cir. 2000) (holding that statute's references to class actions did not demonstrate legislative intent to exempt class claims from arbitration agreements); *Bowen v. First Family Fin. Servs., Inc.*, 233 F.3d 1331, 1336 (11th Cir. 2000) (explaining that "[t]he fact that Congress has enacted a statute which creates substantive rights and provides judicial remedies to vindicate those substantive rights does not mean it has created a non-waivable, substantive "right" to judicial redress"). And while the Lemon Law does provide that consumers cannot be required to participate in a manufacturer's informal procedure or the state's summary procedure before raising their claim in court, it says nothing about arbitration. Given this silence, and in light of the background presumption in favor of arbitration, the text of the Lemon Law does not evince any intent to exempt Lemon Law claims from arbitration agreements.

Plaintiffs do not offer any legislative history to support their claim, nor is the Court able to discern an inherent conflict between the Lemon Law's underlying purposes and arbitration. The law was intended to "require the manufacturer of a new motor vehicle . . . to correct defects originally covered under warranty which are identified and reported within a specified period," and to "provide procedures to expeditiously resolved disputes . . . when defects in a new motor vehicle are not corrected within a reasonable time." N.J.S.A. 56:12-29. Proceeding to arbitration will not frustrate either of these goals, as Plaintiffs will retain the substantive rights guaranteed them by the Lemon Law. *See Mitsubishi*, 473 U.S. at 628 (noting that "[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum").

Because the Lemon Law does not substantively preclude arbitration, Plaintiffs do not have an irrevocable right of access to a judicial forum for their claim. But even if the Lemon Law did purport to create such a right, Plaintiffs' argument would still fail, as the anti-waiver provision of the Lemon Law would be preempted by the FAA. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 342 (2011) ("When state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward: The conflicting rule is displaced by the FAA."). Consequently, the arbitration provision is not void as contrary to public policy. Since Plaintiffs offer no other reason to invalidate the parties' agreement, and Plaintiffs' claims plainly fall within the arbitration clause's broad sweep, the Court will compel arbitration.

## IV. CONCLUSION

For the forgoing reasons, Defendant's Motion to Compel Arbitration is **GRANTED** and proceedings in this case are **STAYED** pending the results of arbitration. An Order follows.

Dated: January 6, 2020 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge